O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKINLEY PIERCE ATKINS,<br><br>                Petitioner,<br><br>    vs.<br><br>DAVE DAVY, Warden,<br><br>                Respondent. | CASE NO. SA CV 14-2018 JGB (RZ)<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2005 conviction may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 648-49 (2010).

    The petition, which bears no signature date, was filed in the Eastern District of California on December 15, 2014. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 2005, an Orange County Superior Court jury convicted Petitioner of kidnapping and car theft. He was sentenced to state prison for 22 years and four months. Pet. ¶ 2.

(b) The California Court of Appeal affirmed on August 5, 2007. On December 14, 2007, the California Supreme Court denied further direct review. Pet. ¶¶ 3-4.

(c) Petitioner does not appear to have sought *certiorari* in the United States Supreme Court. His conviction therefore became final after March 14, 2008, after the high court's 90-day deadline for seeking *certiorari* expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) A full year passed thereafter with no challenges to Petitioner's conviction or sentence filed, or pending, in the state courts, based on the record. The AEDPA limitations period thus appears to have expired after March 14, 2009.

(e) One month after that apparent expiration, on April 16 and 17, 2009, Petitioner filed two habeas petitions in the California Supreme Court, which denied both petitions on September 9, 2009. Pet. ¶¶ 6 (a), (b); *see* docket in Cal. Supreme Ct. case no. S172159, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1905224&doc_no=S172159, and case no. S172184, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1905332&doc_no=S172184.

(f) Over five years passed. On December 15, 2014, Petitioner filed the current petition in the Eastern District of California, which transferred it to this Court four days later.

* * * * *

    Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale

in March of 2009, one year after his conviction became final. Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: 12/30/14

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE